IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDUL BROWN, DP-2655,    )  <br>    Plaintiff,    )  <br>    )  <br>    v.    )    Civil Action No. 04-1361  <br>    )  <br>PENNSYLVANIA DEPARTMENT OF    )  <br>CORRECTIONS, et al.,    )  <br>    Defendants.    ) | |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the Motion for Summary Judgment submitted on behalf of defendant Pete Saavedra (Docket No.50) be granted.

II. Report:

Presently before the Court for disposition is a motion a motion for summary judgment submitted on behalf of defendant, Pete Saavedra.

Abdul Brown, an inmate at the State Correctional Institution - Fayette has presented a civil rights complaint which he has been granted leave to prosecute in forma pauperis. In his complaint, Brown alleges that without due process, on February 26, 2004, he was placed in the long term segregation unit ("LTSU") at the prison; that this housing assignment was made due to his mental illness; that his housing assignment is part of an experiment regarding African-American psychology; that defendant Saavedra conspired with the prison personnel to falsify records so as to conceal the fact of the plaintiff's mental illness; that as a result of his housing he is not receiving adequate treatment for his mental illness; that as a result of his housing, the

plaintiff is not permitted access to various publications; that the purpose of the LTSU is to destroy African-American minds; that his present housing demonstrates cruel and unusual punishment and further demonstrates deliberate indifference to a serious need to his and that as a result the plaintiff has suffered both physical and mental maladies. These facts are said to state a cause of action under 42 U.S.C. 1983 as well as violations of the Americans with Disabilities Act, 42 U.S.C. 12101 et seq. and the Rehabilitation Act, 29 U.S.C. 791 et seq. and the plaintiff invokes this Court's jurisdiction pursuant to Sections 1331 and 1343 of Title 28, United States Code. Named as defendants are various employees of the Pennsylvania Department of Corrections as well as Dr. Saavedra, the latter of whom now moves to dismiss.

      It is provided in 42 U.S.C. §1983 that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

      In addition, the Americans with Disabilities Act is designed to prevent discrimination against individuals with disabilities while the Rehabilitations Act's goal is to foster the employment of individuals with disabilities.

      In support of his motion, Dr. Saavedra represents that on February 28, 2005, he served his first request for admissions, first set of interrogatories and first request for the production of documents on the plaintiff; that upon motions of the plaintiff discovery was extended to June 30, 2005, with the provisions that no further extensions would be granted (Docket No.42-1) and that despite having been granted those extensions, the plaintiff has failed to respond to his discovery

requests.

Rule 36(a), F.R.Civ.P. provides in part:

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter...

Summary judgment is appropriate where there are no material issue of fact and the movant is entitled to judgment as a matter of law. Biener v. Calio, 361 F.3d 206 (3d Cir.2004). In opposing a motion for summary judgment, a party cannot rest on mere reassertions of the matter raised in the complaint but must demonstrate by record evidence that material issues of fact exist for resolution at trial. Orsetti v. New Jersey, 71 F.3d 480 (3d Cir.1995).

In his request for admissions, Saavedra submitted the following:

1. Admit that plaintiff does not have any evidence in support of his claim that Defendant Saavedra conspired with any of the other defendants.

2. Admit that plaintiff has no evidence of Defendant Saavedra falsifying any public or business record.

3. Admit that plaintiff does not intend to offer testimony from any expert in the field of psychiatry concerning any treatment of plaintiff by Defendant Saavedra.

4. Admit that plaintiff has no evidence of any violation of the Americans With Disabilities Act and/or Rehabilitation Act on the part of Defendant Saavedra.

5. Admit that plaintiff has no evidence of any deliberate indifference to plaintiff's psychiatric and psychological needs on the part of Defendant Saavedra.

6. Admit that plaintiff has no evidence in support of the allegations against Defendant Saavedra in paragraph 44 of the complaint.

Failure to file a timely response to requests for admissions, result in those matters sought being deemed admitted. Cook v. Allstate, 337 F.Supp.2d 1206 (C.D.Cal.2004). Thus, because he

3

has failed to respond and because the time in which to do so has long expired, the requests are deemed admitted demonstrating that the plaintiff has no evidence upon which to impose liability on Dr. Saavedra. Accordingly, because there are no material issues of fact in dispute, it is recommended that his motion for summary judgment be granted.

    Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

    Respectfully submitted,

    s/ Robert C. Mitchell

Dated: September 12, 2005

Robert C. Mitchell,
United States Magistrate Judge