IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDUL BROWN, DP-2655,  )<br>    Plaintiff, )<br>)<br>    v.  )<br>)<br>PENNSYLVANIA DEPARTMENT OF  )<br>CORRECTIONS, et al.,  )<br>    Defendants. ) | Civil Action No. 04-1361 |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the Plaintiff's Motion for Summary Judgment (Docket No 72) be denied; that the Motion for Summary Judgment submitted on behalf of the remaining defendants (Docket No.83) be granted and that judgment entered accordingly.

II. Report:

Presently before the Court for disposition are cross motions for summary judgment.

Abdul Brown, an inmate at the State Correctional Institution - Fayette has presented a civil rights complaint which he has been granted leave to prosecute in forma pauperis. In his complaint, Brown alleges that without due process, on February 26, 2004, he was placed in the long term segregation unit ("LTSU") at the prison; that this housing assignment was made due to his mental illness; that his housing assignment is part of an experiment regarding African-American psychology; that defendant Saavedra conspired with the prison personnel to falsify records so as to conceal the fact of the plaintiff's mental illness; that as a result of his housing he is not receiving adequate treatment for his mental illness; that as a result of his housing, the

plaintiff is not permitted access to various publications; that the purpose of the LTSU is to destroy African-American minds; that his present housing demonstrates cruel and unusual punishment and further demonstrates deliberate indifference to a serious need to his and that as a result the plaintiff has suffered both physical and mental maladies. These facts are said to state a cause of action under 42 U.S.C. 1983 as well as violations of the Americans with Disabilities Act, 42 U.S.C. 12101 et seq. and the Rehabilitation Act, 29 U.S.C. 791 et seq. and the plaintiff invokes this Court's jurisdiction pursuant to Sections 1331 and 1343 of Title 28, United States Code. Named as defendants are various employees of the Pennsylvania Department of Corrections as well as Dr. Saavedra. In a Report and Recommendation filed on September 12, 2005 (Docket No.63), it was recommended that Dr. Saavedra's motion for summary judgment be granted. Without objection, that motion was granted on September 30, 2005 (Docket No.66). The remaining defendants all of whom are employed by the Department of Corrections ("the DOC" defendants) now move for summary judgment.

      It is provided in 42 U.S.C. §1983 that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

      In addition, the Americans with Disabilities Act is designed to prevent discrimination against individuals with disabilities while the Rehabilitations Act's goal is to foster the employment of individuals with disabilities.

      In support of his motion for summary judgment, the plaintiff basically repeats the

allegations contained in his complaint[1]

Summary judgment is appropriate where there are no material issue of fact and the movant is entitled to judgment as a matter of law. <u>Biener v. Calio</u>, 361 F.3d 206 (3d Cir.2004). In opposing a motion for summary judgment, a party cannot rest on mere reassertions of the matter raised in the complaint but must demonstrate by record evidence that material issues of fact exist for resolution at trial. <u>Orsetti v. New Jersey</u>, 71 F.3d 480 (3d Cir.1995). In opposing the plaintiff's motion for summary judgment, the defendants rely on those matters contained in their own motion and its supports.[2]

Attachment A to the defendants' motion is a November 14, 2003 Memo from the State Correctional Institution- Greene Psychological Specialist in which it is stated that the plaintiff's placement in Long Term Segregation was based on his "severe behavioral problems" which have involved severe self-mutilation and which presents life threatening conduct to himself and others; that he was viewed as a "highly aggressive, assaultive, and attention seeking individual" and that as a result his housing in Long Term Segregation was appropriate.

Attachments B and F to the defendants' motion are a November 18, 2003 memo from the Superintendent at Greene and supporting documentation detailing that during the five year period when he was incarcerated at Greene, the plaintiff and incurred one hundred misconducts several of which were for violent acts including threatening staff, arson, and possession of contraband and that his housing placement recommendation was based on his "continued wretched behavior."

Attachments D and E to the defendants' motion are the reports of plaintiff's housing

---

[1] See: Docket No.72.

[2] See: Docket No. 91.

3

review committee which reveal periods of improvement and periods of relapse into inappropriate conduct.

Finally, attachment G demonstrates the abundance of medical treatment which the plaintiff received.

The gravamen of the plaintiff's allegation here is a challenge to his placement in the long term segregation unit. The existence and utilization of that unit has been determined to not pose an atypical condition of confinement . Brown v. Blaine, 833 A.2d 1166 (Pa.Cmwlth.2003). Indeed, in Beard v. Banks, 126 S.Ct. 2572 (2006), the Court reviewed limitations on materials which inmates in such housing could receive and did not raise any issue regarding the legality of such housing.

In Shoats v. Horn, 213 F.3d 140 (3d Cir.2000) the Court noted that inmates so housed do not experience due process violations and were not entitled to relief where their restrictive housing placement was subject to periodic review. The record here demonstrates that the plaintiff's confinement was frequently given such review and that it was concluded that both as a matter of institutional and personal safety, the plaintiff's segregated housing should continue.[3] Thus, there is no basis upon which the plaintiff can claim a due process violation occurred.

What the record does reveal is that the plaintiff has repeatedly demonstrated antisocial behavior, even within the prison setting, which was deemed as potentially harmful to him as well as others housed and employed at the institution; that he has occasionally temporarily improved his conduct only to once again lapse into his unacceptable behavior patterns, and that there are no other means available to the institution to control him. We do note, that with improved conduct

---

[3] See: Attachments D and E to the defendants' motion.

an inmate can be moved out of the long term segregation unit, but such a move requires socially acceptable conduct on the prisoner's part, and that the plaintiff has repeatedly failed to comply with the requirements. See: Banks v. Beard, supra.

Because there are no material issues of fact, and because it appears as a matter of law that the plaintiff is not entitled to any relief here, it is recommended that the plaintiff's motion for summary judgment be denied; that the remaining defendants' motion for summary judgment be granted, and that judgment be entered accordingly.

Within thirteen (13) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell,
Entered: August 29, 2006             United States Magistrate Judge